**IT IS ORDERED as set forth below:**

**Date: July 29, 2019**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 19-54287-JWC |
| | ) |
| ANTHONY JEROME BREMER, | ) CHAPTER 13 |
| | ) |
| Debtor. | ) |
| | ) |
| U.S. BANK TRUST NATIONAL | ) |
| ASSOCIATION, AS TRUSTEE OF | ) |
| THE CABANA SERIES III TRUST, | ) CONTESTED MATTER |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANTHONY JEROME BREMER and | ) |
| NANCY WHALEY, Trustee, | ) |
| | ) |
| Respondents. | ) |

**CONSENT ORDER**

U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust, c/o BSI Financial Services, its servicing agent ("Movant"), filed a Motion for Relief from

Stay on July 12, 2019 (Doc. No. 32) ("Motion"), and the hearing on the Motion was scheduled for July 30, 2019 at 9:30 a.m.  Movant and Debtor have consented to the terms herein without any opposition from the Chapter 13 Trustee, and good cause has been shown.  Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1.

Debtor acknowledges being delinquent on the post-petition payments as set forth under the terms and conditions of the subject loan documents ("Loan Documents") attached to the Motion and incorporated herein by reference.  The arrearage is in the amount of $3,188.94 and consists of the post-petition payments for June 2019 through and including July 2019 that are currently in the amount of $1,053.97 each, $50.00 NSF fees, and $850.00 attorney's fees and $181.00 costs incurred by Movant in bringing the Motion.

2.

All payments made pursuant to this Consent Order shall have the subject loan number written thereon and shall be made payable and remitted directly to Movant, c/o BSI Financial Services, 314 S. Franklin St., P.O. Box 517, Titusville, PA 16354.  Debtor shall remit $1,053.97 in certified funds on or before July 31, 2019 and shall then cure the balance of the post-petition arrearage by remitting $237.22 on or before the fifteenth day of each month for the period of August 2019 through and including March 2020, and $237.21 on or before April 15, 2020.

3.

Debtor shall make all payments under this Consent Order in strict compliance with the terms herein and shall make the August 2019 through and including January 2021 post-petition payments in strict compliance with the terms of the Loan Documents.

4.

In the event of a default on any of the payments set forth in Paragraphs Two or Three above, Movant or Movant's counsel shall give written notice by first class mail to Debtor and Debtor's counsel of Debtor's default and right to cure the default within ten (10) days from Debtor's receipt of the written notice. Debtor shall be presumed to have received the written notice on the fifth (5th) calendar day following mailing of said notice by Movant or Movant's counsel provided that said notice was properly addressed and that sufficient postage was affixed thereto. Movant shall be entitled to attorney's fees of $85.00 per default notice, plus mailing costs. Upon Debtor's failure to cure within the ten-day period, Movant or Movant's counsel may file an affidavit of default and a delinquency motion, both to be served upon Debtor and Debtor's counsel, and this Court may enter an order modifying the automatic stay without further notice or hearing. Said order may order that:

a) The Motion is granted;
b) The stay set forth in FBR 4001(a)(3) is waived, and the automatic stay is hereby modified to permit Movant to pursue and enforce under non-bankruptcy law any and all rights it has in and to that certain real property, as more particularly described in the Loan Documents, commonly known as 875 Trellis Pond Court, Lawrenceville, GA 30043 ("Real Property"), including, but not limited to, advertising and conducting a foreclosure sale, seeking confirmation of the sale in order to pursue any deficiency, and seeking possession of the Real Property. However, Movant and/or its successors and assigns may offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement, short sale, deed in lieu of foreclosure, or any other loan workout/loss mitigation agreement. Movant may contact Debtor via telephone or written correspondence to offer any such agreement; and
c) Movant shall remit any surplus funds from the foreclosure sale to the Chapter 13 Trustee. The Chapter 13 Trustee shall cease funding Movant's pre-petition claim. Movant is granted leave to seek allowance of a deficiency claim, if appropriate, but Debtor and the Chapter 13 Trustee shall be entitled to object to said deficiency claim.

[END OF DOCUMENT]

PREPARED BY AND CONSENTED TO:
Attorney for Movant

_____/s/_____
Marc E. Ripps
Georgia Bar No. 606515

P.O. Box 923533
Norcross, Georgia 30010-3533
(770) 448-5377
Email:  meratl@aol.com


CONSENTED TO:
Attorney for Debtor

_____/s/_____
Jessica Douglas              (By Marc E. Ripps, Esq. with express permission)
Georgia Bar No. 340570

Clark & Washington, LLC
Bldg 3
3300 Northeast Expressway
Atlanta, GA 30341
(404) 522-2222
Email:  jdouglas@cw13.com


NO OPPOSITION
Chapter 13 Trustee

_____/s/_____
Julie M. Anania              (By Marc E. Ripps, Esq. with express permission)
Georgia Bar No. 477064
Attorney for the Chapter 13 Trustee

Suite 120
303 Peachtree Center Avenue
Atlanta, GA  30303
(678) 992-1201
Email:  JWC-orders@njwtrustee.com

DISTRIBUTION LIST ON CONSENT ORDER

Pursuant to LR 9013-3(c) NDGa., the Consent Order shall be served upon the following parties in interest:

Marc E. Ripps, Esq.
P.O. Box 923533
Norcross, Georgia 30010-3533

Nancy J. Whaley, Esq.
Standing Chapter 13 Trustee
Via Electronic Notice

Jessica Douglas, Esq.
Attorney for Debtor
Via Electronic Notice

Anthony Jerome Bremer
875 Trellis Pond Court
Lawrenceville, GA 30043